Neilson, Ch. J.
On this application to continue the injunction, the question is, whether the defendants have a right to take up the pavements of the streets and avenues, dig trenches, and lay pipes and conductors, for the purpose of supplying gas for use.
The defendants claims that right under the Mutual Gaslight Company, which was incorporated in 1875 under the general statute, authorizing the formation of gas companies. That company, after having purchased land and contracted for the erection of gas *21 works thereon, with the consent of the municipal authorities, obtained on giving the required bonds, laid some pipe for conducting gas, issued its bonds for the payment of creditors, secured by a mortgage executed to trustees, and then found it expedient to suspend its operation. Thereupon that company conveyed its property to the defendants, the Fulton Municipal Gas Company, which had been incorporated under the general statute in March, 1879. It is alleged that the defendants entered into the use and ownership of the property with the direct authority and agency of the mortgagees, and acquired all the property, rights, franchises, and privileges which had been vested in the former company ; that they accepted the conveyance and proceeded in the work as to which they have been enjoined, under the advice of counsel, and have conformed to the requisition of the board of city works. "The act under which both said companies were incorporated, while giving full power to manufacture, sell, and furnish gas, provides that such corporations shall have power to lay conductors for conducting gas through the streets of the city, with the consent of the municipal authorities, and under such reasonable regulations as they prescribe (3 Stat. at L. p. 852, § 18). By the term “municipal authorities” were intended the mayor and common council. It is their province to act in such matters. In the defendant’s papers, read on this motion, two resolutions of the common council not returned by the mayor as set forth. The one, dated January 17, 1876, gave the required permission to the Mutual Gaslight Company to lay pipes for conducting gas through the streets of the city for the period of fifty years. The other resolution, dated January 24, 1876, provided that before any person or incorporation, under any right or privilege granted by the common council, should undertake the laying of pipes in the streets, such person or incorporation *22 should enter into an agreement with the city, with such restriction and condition, and such bonds relative thereto, as shall be approved by the mayor.
But, recognizing these restrictions, the defendants claim that they have the requisite authority ; that it came to them indirectly, as an incident to or an element in the estate acquired. The argument is very subtile. It makes the consent given expressly to the old company as such negotiable, a thing capable of being passed to and from these defendants indefinitely. It seeks to so combine that- consent with a supposed legislative grant as to constitute an easement. It invokes the fact that, unless coupled with that consent, the real and personal property which the old company had bought would not have been salable, as if such extraordinary and voluntary sales were to be encouraged rather than tolerated. It would apply to such sales (though not in contemplation of the statute) and to the title to be acquired by a speculator the same beneficent principle which, for the benefit of creditors, applies to a purchase on the foreclosure of a mortgage given by such a corporation. But the infirmity of the argument lies more obviously in the attempt, intended or not, to evade the statute. The legislature intended that there should be an immediate relation between the city and the corporation carrying on its operations in the streets, and perhaps unduly interrupting travel, to the prejudice of the citizen. The statutory requirement is broad and unqualified. The corporation, any corporation formed under the act, as the defendants were, may have power to lay gas conductors in the streets, with the consent of the municipal authorities. Shall any such corporation acquire that power in some other manner ? I think not. For is it material that the new corporation, on coming in, intends to displace some other company and to use its property. The books are full of cases *23 in which the courts have discouraged attempts to depart from the terms of statutes or to qualify their exactions. Judge Bronson’s reprobation of such attempt has become proverbial.
I have, in deference to the views of the learned counsel, and in view of the importance of the case, given full and careful attention to the proof produced and to the authorities cited. I think the learned counsel, now that the heat of the discussion has passed off, will agree with me that the statute is to be respected, and its terms eníórced, even if some inconvenience should be imposed. But that inconvenience cannot be serious. I think they will also agree with me, that as the question is one of strict legal right, the suggested advice of counsel, though entitled to great respect, the agency and authority of the mortgagees, and the neglect of the city to press this matter at an earlier day, can have no weight or influence.
The injunction must be continued.